ANNA THORPE, Doing Business as RUBBER PRODUCTS COMPANY, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, May 7, 1943.

*William J. McArthur* for appellant.

*Milton Gelman* for respondent.

UNTERMYER, J. In 1941 one Joseph A. Lambert commenced an action against the plaintiff in the present action in the Municipal Court, Borough of Manhattan, First District, to recover possession of an hydraulic press with its fittings. In order to secure immediate possession, Lambert furnished a

replevin bond, which, however, is not the bond with which we are concerned on this appeal. The defendant in that action (the plaintiff here) interposed an answer asserting a lien on the chattel for work, labor and services for the value of which she also interposed a counterclaim. The action resulted in a judgment dismissing the complaint and adjudicating that the defendant therein had a special property in the press and fittings and was entitled to possession until payment of the sum of $496.08, representing the value of her services, together with interest and costs.

Lambert appealed to the Appellate Term from the judgment of the Municipal Court and, in connection with the appeal, furnished the bond on which this action is brought. In that bond the defendant covenanted as follows: " Now, THEREFORE, the United States Fidelity and Guaranty Company, having an office and usual place of business at No. 75 William Street, in the City of New York, does hereby, pursuant to the statutes in such case made and provided, undertake that it will pay the value of the chattel, together with the costs and damages, if any, awarded by the judgment and on the appeal, not exceeding the sum of Five Hundred Fifty & 00/100 ($550.00) Dollars."

The statute (N. Y. City Mun. Ct. Code, § 159; L. 1915, ch. 279), to which reference was made provides: " The appellant may stay execution by filing with the clerk and serving, as hereinafter provided upon the attorney for the respondent if the respondent has appeared by an attorney, a written undertaking executed by one or more sureties to the effect that * * * if the judgment is for the recovery of a chattel, that the sureties will pay the value of the chattel together with costs and the damages, if any, awarded by the judgment and on appeal."

The Appellate Term reversed the judgment to the extent that it dismissed the complaint, holding that the evidence did not establish that the chattel was security for Lambert's indebtedness. It held, however, that the judgment on the counterclaim for services rendered to Lambert was supported by the evidence. Accordingly, judgment was directed in favor of Lambert awarding to him possession of the chattel, but judgment was directed in favor of the defendant in that action and against Lambert for $455.08. The plaintiff thereupon commenced this action against the defendant on its bond, contending that it secured payment to her of the judgment against Lambert for $455.08. Upon these conceded facts the Municipal Court granted summary judgment in favor of the plaintiff which the Appellate Term has affirmed.

We find no provision in the defendant's bond, particularly when read in connection with the statute, rendering the defendant liable on the personal judgment recovered by the plaintiff on her counterclaim against Lambert. In express terms the obligation of the defendant's undertaking is to " pay the value of the chattel, together with the costs and damages " if the chattel be " awarded by the judgment and on the appeal " to the plaintiff. The bond thus conditioned was in exact accord with section 159 of the Municipal Court Code and was not given to secure any personal judgment recovered by the plaintiff against Lambert. Since possession of the chattel was awarded, not to the plaintiff but to Lambert, ·the condition of the bond was not breached and the defendant is not liable thereon.

The order and judgment of the Municipal Court and the determination of the Appellate Term should be reversed, with costs in this court and in the Appellate Term, the defendant's motion for summary judgment dismissing the complaint granted and the plaintiff's motion for summary judgment denied.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order and judgment of the Municipal Court and the determination of the Appellate Term unanimously reversed, with costs and disbursements to the appellant in this court, and ten dollars costs in the Appellate Term, the defendant's motion for summary judgment dismissing the complaint granted and plaintiff's motion for summary judgment denied.